## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**LAWRENCE J. KOENIG and**
**NYDIA G. KOENIG**

**VERSUS**

**BLACK LABEL EXPRESS, INC., VINCENT**
**K. NGUGI, EVERSPAN INDEMNITY**
**INSURANCE COMPANY AND AMERICAN**
**NATIONAL PROPERTY AND CASUALTY**
**COMPANY**

**CIVIL ACTION NO.: 3:23-cv-00357**

**JUDGE: BRIAN A. JACKSON**

**MAGISTRATE: SCOTT D. JOHNSON**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Black Label Express, Inc Q d/b/a Black Label Express, Inc. ("Black Label Express, Inc.") and Vincent K. Ngugi, hereby remove this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, in which it is now pending, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§1441, 1446, *et seq.,* for the following reasons:

I.

On March 2, 2023, Claimants filed the attached Petition for Damages, commencing a civil action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, entitled, *Lawrence J. Koenig, et al v. Black Label Express Inc. Q, et al* bearing civil action number 729373 on the docket of Division "23". A copy of said Petition for Damages is attached and made part of this Notice of Removal as **Exhibit "A."**

II.

The Petition for Damages alleges that Defendant, Black Label Express, Inc Q d./b/a Black Label Express, Inc. is a foreign corporation doing business in the State of Louisiana.  In fact, Black Label Express, Inc is a Nevada domestic corporation with its principal place of business in Frisco, Texas.

III.

The Petition for Damages correctly alleges that Defendant, Vincent K. Ngugi, is domiciled in Katy, Texas.

IV.

The Petition for Damages alleges that Defendant, Everspan Indemnity Ins. Co. is a foreign insurer.  In fact, Everspan Indemnity Ins. Co. is an Arizona insurance company with its principal place of business in New York, New York.

VI.

The Petition for Damages alleges that Defendant, American National Property and Casualty Co. is a foreign insurer.  In fact, American National Property and Casualty Co.is an Missouri insurance company with its principal place of business in Springfield, Missouri.

V.

Claimants allege in their Petition for Damages that as a result of the alleged accident which occurred on August 20, 2022, they sustained damages consisting of past and future: (1) physical injury and impairment of function; (2) pain and suffering; (3) mental pain and anguish; (4) loss of enjoyment of life; (5) doctor, medical, hospital, pharmaceutical expenses; (6) lost wages and loss of future earning capacity; (7) loss of business, commissions, and/or business opportunity; and (8) loss of consortium.   Petition for Damages make general allegations

regarding damages for Nydia Koenig consisting of past and future: (1) physical injury and impairment of function; (2) permanent disability; (3) permanent scarring and disfigurement; (4) pain and suffering; (5) mental pain and anguish; (6) loss of enjoyment of life; (7) doctor, medical, hospital, pharmaceutical expenses; (8) lost wages and loss of future earning capacity; (9) loss of business, commissions, and/or business opportunity; and (10) loss of consortium. See Claimants' Petition for Damages, attached hereto as **Exhibit "A" at pgs. 3 and 4.**

VIII.

However, the Petition for Damage is silent as to whether or not either Claimant's individual claim exceeds the federal court jurisdictional minimum of $75,000.00, exclusive of interests and costs, of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.  On April 20, 2023, Defendants, Black Label and Vincent Ngugi filed an Exception of Vagueness and Non-Conformity on the grounds that Claimants' Petition for Damages is vague, ambiguous, and fails to conform to the specific requirements of Louisiana Code of Civil Procedure Article 893.  Specifically, the Petition for Damages filed by Plaintiffs fails to make the requisite allegation as to whether Claimants' claims exceed or are less than the amount sufficient to request a jury in state court.  The Petition for Damages filed by Claimants also fails to make the requisite allegation as to whether Claimants' claims exceed or are less than the amount sufficient to invoke jurisdiction of the federal courts.  As of this writing, Claimants have still not cured the defects in their Petition for Damages.  As such, this exception is still pending.

IX.

On April 21, 2023, counsel for Claimants' sent correspondence to undersigned counsel indicating that his clients had sustained serious injuries as a result of their involvement in the accident in question.  The correspondence indicated that the Claimants' medical records were

attached to the letter, but they were not included as an attachment. A copy of said correspondence is attached and made part of this Notice of Removal as **Exhibit "B."** Undersigned counsel informed counsel for Claimants he had not received the medial records and requested counsel for Claimants forward the Claimants medical records in a dropbox. Counsel for Claimants sent an email to undersigned counsel an email dated May 3, 2023, which included a link to a dropbox which contained Claimants' medical records. A copy of said correspondence regarding the medical records is attached and made part of this Notice of Removal as **Exhibit "C."**

## X.

The medical records indicate that Claimant, Lawrence Koenig, reportedly sustained injuries to the head (concussion), left ear, left shoulder, groin, protrusions at the L4/5 and L5/S1 levels, and a fracture of his big right toe. See relevant portions of Lawrence Koenig's records from Ochsner Lafayette Hospital, attached and made part of this Notice of Removal as **Exhibit "D".** On August 23, 2022, he underwent an audiogram and a tympanogram which revealed hearing loss, tinnitus, abnormal auditory perception and Dysacousia (noise produces pain in the ear) at LENTS. It was noted Mr. Koenig would need to undergo annual audiograms. See the relevant portions of Lawrence Koenig's records from LENTS, attached and made part of this Notice of Removal as **Exhibit "E".** On October 25, 2022, Mr. Koenig was treated at BROC for an injury to the left shoulder and possible rotator cuff tear for which his treating physician recommended he undergo an MRI of the left shoulder and physical therapy. See the relevant portions of Lawrence Koenig's records from BROC, attached and made part of this Notice of Removal as **Exhibit "F".** To date, he has reportedly incurred approximately $19,000.00 in past medical expenses and an unspecified amount of lost wages. **See Exhibits D, E and F.**

4

XI.

Based on the information contained in Lawrence Koenig's medical records, it reasonably appears that the damages individually claimed by Mr. Koenig may exceed the sum of $75,000.00, exclusive of interest and costs.  Louisiana courts have held that in cases involving claimants with fractures to the forearm, wrist and hand, leg, and T1 and T12 endplates who undergo surgical procedures to repair the fractures to their forearm, hand and leg, the damages can be $75,000.00 and even more. *Frazer v. St. Tammany Parish School Board,* 774 So.2d 1227 (La. App. 1 Cir. 2000)(in which the claimant was awarded $75,000.00 after sustaining a cerebral concussion); *Jolly v. Sewerage and Water Board*, 802 So.2d 897 (La. App. 4 Cir. 2001)(in which the claimant was awarded $75,000.00 after sustaining a concussion, tinnitus, an aggravation of chronic back condition, and a rib injury); *Henderson v. Gregory*, 93 So.3d 818 (La. App. 2 Cir. 2012)(in which claimant was awarded $90,000.00 after sustaining tinnitus and hearing loss in one ear); *Locke v. Young*, 973 So.2d 831 (La. App. 2 Cir. 2007)(in which the claimant was awarded $75,000.00 after sustaining two lumbar bulges and a possible future surgical candidate); and *Caskey v. Merrick Const. Co. Ins*., 86 So.3d 186 (La. App. 2 Cir. 2021)(in which the claimant was awarded $175,000.00 after sustaining an aggravation of osteoarthritis and a lumbar disc bulge).

XII.

The medical records indicate that Claimant, Nydia Koenig, sustained a concussion with loss of consciousness and fractures to her right forearm, wrist and hand, right leg, and T1 and T12 endplates.  On August 20, 2022, Nydia Koenig was treated at the ER of Ochsner Lafayette Hospital.  See the relevant portions of Nydia Koenig's records from Ochsner Lafayette Hospital, attached and made part of this Notice of Removal as **Exhibit "G".**  She was diagnosed with a

concussion with loss of consciousness.  **See Exhibit "G".**  A CT scan of the cervical spine secured that date revealed superior endplate fractures at the T1 and L1 levels.  **See Exhibit "G".** CT scan of the right wrist and elbow revealed severely comminuted open fractures of the radius and ulna of the right forearm and first metacarpal of the right hand.  **See Exhibit "G".**  Her treating surgeon noted that she would need multiple surgeries over a year to repair the fractures to her right forearm and hand.  **See Exhibit "G".**  On that date, she underwent an open reduction internal fixation of right radius and ulna shaft fracture, right radial head release, right carpal tunnel release, right flexor pollicis longus repair, closed treatment of the right proximal phalanx base fracture of right thumb, and excisional debridement of an open fracture involving bone muscle fascia.  **See Exhibit "G".**

Nydia Koenig was treated at BROC (Baton Rouge Orthopedic Clinic) from September 28, 22 to January 16, 2023.  See the relevant portions of Nydia Koenig's records from BROC, attached and made part of this Notice of Removal as **Exhibit "H."**  Her records from BROC dated October 5, 2022, indicate she underwent an open reduction internal fixation procedure to repair a tibial plateau fracture in her leg after the accident in question.  **See Exhibit "H".**  On November 10, 2022, Nydia Koenig underwent an open reduction internal fixation to repair fractures in her distal radius segmental defect using a vascularized distal ulna graft at Surgical Specialty Center of Baton Rouge.  **See Exhibit "H".**  On November 23, 2022, Ms. Koenig's treating surgeon noted that after undergoing the procedure on November 10, 2022, she developed a prominent area where her ulna has become dislocated which may require future treatment.  **See Exhibit "H".**  On January 16, 2023, her treating surgeon noted she was a possible candidate for future procedures to the ulna dislocation, including a trapeziectomy and partial trapezcicectomy.

**See Exhibit "H".** To date, she has reportedly incurred in excess of $250,000.00 in past medical expenses. **See Exhibits G and H.**

XIII.

Based on the information contained in Nydia Koenig's medical records, it reasonably appears that the damages individually claimed by Mrs. Koenig may exceed the sum of $75,000.00, exclusive of interest and costs. Louisiana courts have held that in cases involving Claimants with fractures to the forearm, wrist and hand, leg, and T1 and T12 endplates who undergo surgical procedures to repair the fractures to their forearm, hand and leg, the damages can be $75,000.00 and even more. *Cooper v. Louisiana State through the DOTD*, 885 So.2d 1211 (La. App. 1 Cir. 2004)(in which the claimant was awarded $155,000.00 after undergoing several hand surgeries and sustaining permanent restrictions); *Bienvenu v. Dudley*, 682 So.2d 281 (La. App. 1 Cir. 1996)(in which the claimant was awarded $85,000.00 after sustaining an aggravation of pre-existing sacroiliitis and a fractured radius requiring surgery); *Williams v. Ruben Residential Properties*, 58 So.3d 534 (La. App. 2 Cir. 2011)(in which the claimant was awarded $300,000.00 after sustaining a comminuted wrist fracture requiring surgery); *Farmer v. Patrician SLP, LLC*, 997 So.2d 578 (La. App. 2 Cir. 2008)(in which the claimant was awarded $300,000.00 after sustaining an aggravation of a pre-existing cervical condition and a wrist fracture and procedure to shorten the radius); *Aymani v. St. Tammany Parish School Board*, 145 So.3d 439 (La. App. 1 Cir. 2014)(in which the claimant was awarded $100,000.00 after sustaining a tibial fibular fracture requiring surgical repair); and *Butcher v. City of Monroe*, 737 So.2d 189 (La. App. 2 Cir. 1999)(in which the claimant was awarded $300,000.00 after sustaining a tibial fibular fracture requiring an ORIF).

XIV.

Based upon the information contained in the Claimants' medical records, Defendants aver that the amount in controversy claimed by each individual Claimant exceeds the sum of $75,000.00, exclusive of interest and costs.

XV.

This suit is civil in nature and is one over which this Court has original jurisdiction and is one over which the district courts of the United States are given original jurisdiction on the grounds on diversity of citizenship pursuant to 28 U.S.C.§ 1332.

XVI.

A copy of the Notice of Removal is also being filed with the clerk of the district court in which this cause was originally filed.

XIII.

Pursuant to 28 U.S.C. §1447(b), copies of all process, pleadings and orders served upon Defendants, Black Label Express and Vincent Ngugi, are attached hereto.

XIV.

This Notice of Removal is filed on behalf of Defendants, Black Label and Vincent Ngugi.

XV.

On March 2, 2023, Claimants filed the attached Petition for Damages, so one year has not passed since the filing of this lawsuit. Claimants failed to make a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, and failed to allege sufficient facts to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, Defendants are relying upon the "other paper" received from Claimants on the information contained in Claimants' medical records first provided to Defendants on May 3, 2023. As such, thirty (30) days have not elapsed since

Defendants received Claimants' medical records on May 3, 2023, the first papers from which Defendants could ascertained that the case is removable.

XVI.

Undersigned counsel has contacted counsel for Everspan Indemnity Ins. Co. and American National Property and Casualty Co., who have indicated they agree with the removal of this matter from state court to federal court.

**WHEREFORE**, Petitioners pray that this Notice of Removal be accepted as good and sufficient and that the aforesaid action pending against it in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Court.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all parties of record by facsimile transmission, E-mail or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 10th day of May, 2023.

_____
NICHOLAS J. CHAUVIN

Respectfully submitted,

*PERRIER & LACOSTE, LLC*

_____
**GUY D. PERRIER, #20323**
Email: gperrier@perrierlacoste.com
**NICHOLAS J. CHAUVIN, #26847**
Email: nchauvin@perrierlacoste.com
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8820
Facsimile: (504) 212-8825
*Attorneys for Defendants,*
*Black Label Express, Inc and Vincent K.*
*Ngugi*

.